# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD O. McCANTS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 08-0686-KD-C |
| ALABAMA-WEST FLORIDA CONFERENCE OF THE UNITED METHODIST CHURCH, INC., et al., | : : : | |
| Defendants. | | |

## ORDER

This cause is before the undersigned on the defendants' motion to dismiss for improper venue or, in the alternative, motion to transfer venue (Doc. 7).

On motion of the plaintiff (Doc. 4), the Clerk of Court made an entry of default against defendant Alabama-West Florida Conference of the United Methodist Church, Inc. (Doc. 4). This defendant has filed a motion to set aside the entry of default. (Doc. 6) Should United States District Judge Kristi DuBose set aside the Clerk's entry of default, plaintiff shall respond to the defendants' motion to dismiss for improper venue (Doc. 7) within ten (10)

days of the date the entry of default is set aside.[1] However, should Judge DuBose decline to set aside the Clerk's entry of default, it appears that the defendants' motion to dismiss for improper venue would be rendered moot. *Cf. Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed.Appx. 860, 863 & 864 (11th Cir. 2007) ("The entry of default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. . . . A defaulted defendant also can defend by challenging the jurisdiction of the court to enter judgment against him. Thus, for example, a defendant in default still can challenge the validity of service of process or contest the court's exercise of personal jurisdiction over him. Other than the narrow exceptions discussed above, a defendant, once a default has been entered against him, is not entitled to raise any other defenses. Accordingly, **procedural defenses, such as a motion to dismiss for *forum non conveniens*, which the Supreme Court has described as a 'supervening venue provision,' are lost**. . . . In this case, the district court upheld the clerk's entry of default against Alert 24, concluded that service of process was valid, and determined that it could properly exercise personal jurisdiction over Alert 24. At that point, the district court should have refused to consider Alert 24's motion to dismiss for *forum non*

---

[1] If this scenario occurs, the pending motion to dismiss will be ripe for a ruling ten days after the entry of default is set aside.

*conveniens*. However, because the district court did consider, and ultimately granted, Alert 24's motion to dismiss based on *forum non conveniens* without first vacating the clerk's default order, we find these rulings in the district court's order to be internally inconsistent. Thus, we vacate the district court's October 6, 2005 order and remand for further proceedings. On remand, if the district court determines, as it did in its October 6, 2005 order, that the default should not be set aside, then the district court must deny Alert 24's motion to dismiss for *forum non conveniens*. At this point, Tyco can apply to the district court for entry of a judgment by default in accordance with Rule 55(b)(2), and Alert 24 would be entitled to challenge only the sufficiency of the complaint or the amount of the recovery. If, on the other hand, the district court determines that the clerk's entry of default should be set aside, then the district court should explain in detail why, vacate the clerk's default order, and only then reconsider Alert 24's motion to dismiss for *forum non conveniens*."

(emphasis supplied)).[2]

**DONE** and **ORDERED** this the 18th day of March, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.