IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD O. McCANTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 08-0686-KD-C** |
| | ) | |
| **ALABAMA-WEST FLORIDA** | ) | |
| **CONFERENCE OF THE UNITED** | ) | |
| **METHODIST CHURCH, INC., and** | ) | |
| **REVEREND BILL ELWELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on defendants' motion to set aside entry of default (doc. 6), and plaintiff's response in opposition (doc. 14). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED** and the entry of default is hereby set aside.

Pursuant to Fed.R.Civ.P. 55(a), the Clerk entered default against the defendants on March 12, 2009, for failure to plead or otherwise defend the complaint in this action (doc. 5). On March 13, 2009, defendants filed their motion to set aside the entry of default wherein they explained that the summons and complaint had been recently received from the defendants' insurance carrier, that counsel did not receive materials indicating dates of service, that defendants acted promptly the day following the Clerk's entry of default to appear and defend, and that counsel incorrectly believed that the due date was March 13, 2009 (doc. 6). Defendants also argue that they have a meritorious defense because the ministerial exception to the application of federal employment law to the employment decisions of a religious organization is a complete bar to plaintiff's claims (doc. 12). Defendants argue that plaintiff will not be

prejudiced by the three day delay and that the possible transfer of venue is not prejudicial since plaintiff chose this venue, even if improper.

Plaintiff argues that defendants acted willfully and culpably by focusing on filing other pleadings instead of filing the required answer or seeking additional time to do so, and could readily have ascertained the correct due date by accessing the court's docket. Plaintiff argues that defendants have not explained to the court how they ascertained the incorrect date or why they began to research other issues instead of timely responding to the complaint, and thus have not establish good cause to set aside the entry of default.

Rule 55(c) of the Federal Rules of Civil Procedure states, in pertinent part, that the "court may set aside an entry of default for good cause". See African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir.1999) ("a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so.") The defendants bear the burden of establishing good cause or a good reason to set aside the entry of default. Id.

However, the "good cause" standard is a liberal one dependent upon the situation and "is not susceptible to a precise formula . . . " Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviation, 88 F.3d 948, 951-952 (11th Cir.1996). In deciding whether defendants have established good cause, the court may consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania, 88 F.3d at 951.

Also, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir.1993); see also

In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  The Eleventh Circuit has held that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Florida Physician's Ins. Co., 8 F.3d at 783 (citation omitted).  Thus, doubts regarding whether to set aside an entry of default should be resolved in defendants' favor.  Insituform Technologies, Inc. v. AMerik Supplies, Inc., --- F.Supp.2d ----, 2008 WL 5133599, *2 (N.D.Ga. Nov. 17, 2008).

     Upon consideration of the motion and response, the court finds that defendants have established good cause to set aside the entry of default.  The defendants filed a responsive pleading three days after the deadline and one day after the Clerk's entry of default, thus plaintiff will not be prejudiced by the slight delay of litigation at this early stage.  Defendants' error regarding the filing deadline appears to have been an inadvertent mistake and not made willfully or culpably with intent to delay or prejudice the plaintiff.  Also, defendants appear to have presented a meritorious defense.

     Accordingly, recognizing a preference in this circuit to resolve cases on the merits and that doubts should be resolved in defendants' favor, the court finds that defendants' motion to set aside entry of default is due to be and hereby is **GRANTED**.

     **DONE** and **ORDERED** this 22nd day of April, 2009.

                                          **s / Kristi K DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**