**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RONALD O. McCANTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 08-0686-KD-C** |
| ) | |
| **ALABAMA-WEST FLORIDA** ) | |
| **CONFERENCE OF THE UNITED** ) | |
| **METHODIST CHURCH, INC., and** ) | |
| **REVEREND BILL ELWELL,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on defendants Alabama-West Florida Conference of the United Methodist Church, Inc. and Reverend Bill Elwell's motion to dismiss for improper venue, or in the alternative, motion to transfer venue (doc. 7); amended and restated motion to dismiss, or in the alternative, motion to transfer venue and motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted on grounds of ministerial exception (docs. 10, 11); and plaintiff Ronald O. McCants' responses (docs. 17, 18). Upon consideration and for the reasons set forth herein, the defendants' motion to dismiss for improper venue is **DENIED**, the motion to transfer venue is **DENIED,** and the motion to dismiss on grounds of the ministerial exception is **GRANTED.**

I. Background

McCants, an ordained Methodist minister, filed a complaint for declaratory and injunctive relief, reinstatement, back pay, compensatory damages, and other relief pursuant to 42 U.S.C. § 1981 against the defendants on basis of race discrimination and retaliation. McCants alleges that Elwell, as District Superintendent for the Conference, used his position to deny

McCants the opportunity to be reappointed as minister for two churches in the Mobile, Alabama area solely on basis of his race.  McCants also alleges that he was then retaliated against by the Conference and Elwell, including their successful interference with McCants' attempt to obtain other work as a minister, after he complained of Elwell's racially discriminatory actions to the Conference.  The defendants have now filed dispositive motions and an alternative motion to transfer venue.

II.  <u>Motion to dismiss for improper venue</u>

The defendants filed a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure wherein they argue that venue is improper in the Southern District of Alabama.  The defendants rely upon 28 U.S.C. § 1391(b)(1) ("[A] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . .  be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . ").  They argue that because all defendants reside in the state of Alabama, venue is proper in any district where either defendant resides, and therefore, the Middle District of Alabama where Montgomery, Alabama is located, is the proper venue.

McCants argues that 28 U.S.C. § 1391(b)(2) alternatively provides that venue is proper in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.  McCants argues that because he was employed at two churches located in the Southern District at the time of his termination, a substantial part of the events or omissions giving rise to his claim occurred in the Mobile, Alabama area and venue is proper in the Southern District of Alabama.

Title 28 U.S.C. § 1391(b) provides that venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The statute contemplates that in some cases "venue will be proper in two or more districts."  Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). (interpreting similar language in § 1391(a) which applies to cases brought on basis of diversity).

When improper venue is raised, the plaintiff has the burden of demonstrating that the venue selected is proper. See Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir.1988) (". . . the plaintiff must present only a prima facie showing of venue . . .") (citations omitted).  Also, in meeting his burden, "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." Id.

McCants argues that venue is proper because a "substantial part of the events or omissions giving rise to the claim" occurred in the Southern District of Alabama.  Specifically, McCants alleges in his complaint that defendant Conference is the governing body of the member churches of the United Methodist Church located in the Southern District of Alabama, that he was an ordained elder and served as pastor at two member churches in the Southern District at the time of his termination, and that he received good evaluations from both churches and specific request to return as pastor.  McCants also alleges that defendant Elwell was the District Superintendent for the Conference who served in a supervisory capacity over him at the two churches and that Elwell "used his position as District Superintendent to [deny] plaintiff the opportunity to be reappointed as pastor. . ."  McCants also alleged that when he complained of Elwell's discriminatory treatment, McCants was retaliated against by other people working with

3

Elwell, "all geared toward denying plaintiff a clergy appointment."

Taking this information as true, the court finds that McCants made his prima facie case that venue is proper in the Southern District of Alabama.  Also, the defendants have failed to present any evidence to rebut McCants' choice of venue, i.e., any evidence that a "substantial part of the events or omissions giving rise to the claim" did not occur in the Southern District of Alabama.  Asserting that venue is proper in another location does not render venue improper in the location selected by McCants.  Accordingly, the defendants' motion to dismiss for lack of proper venue is denied.

III. Motion to Transfer

The defendants raise an alternative motion to transfer venue.  Motions to transfer venue are governed by 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  To prevail, the defendants must show that there is an adequate alternative forum available, that the public and private factors favor transfer of venue, and that McCants can litigate in the alternative forum without undue inconvenience or prejudice. Leon v. Million Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir.2001).  The public and private factors have been identified as:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

The defendants fail to offer any evidence in support of these factors.  Although the defendants have alleged that there is an adequate forum in the Middle District of Alabama, they have not provided any evidence that the public and private factors favor transfer of venue. Accordingly, the defendants' alternative motion to transfer venue is denied.

IV.  Motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. Rule 12(b)(1) and/or for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6) on grounds of ministerial exception.

The defendants argue that the ministerial exception emanating from the Free Exercise and Establishment Clause of the First Amendment precludes this court's exercise of subject matter jurisdiction over claims involving the employment relationship between a religious organization and its ministerial employees, and thus the complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  The defendants also argue that the ministerial exception is a complete bar to McCants' claims under § 1981, and thus, the complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The defendants assert that the ministerial exception is a constitutionally derived exception to civil rights legislation which prevents judicial scrutiny into the employment decisions of a religious organization in regard to its ministers and prevents the courts from encroaching upon the ability of a religious organization to manage its internal affairs.

McCants argues that the case upon which the defendants rely, Gellington v. Christian Methodist Episcopal Church, 203 F. 3d 1299 (11th Cir. 2000), is inapposite because it applies only to claims raised under Title VII and does not address any § 1981 claims based on race

discrimination.[1]  McCants argues that there is no controlling case law in this Circuit which applies the ministerial exception to a § 1981 claim and that the ministerial exception does not apply to his § 1981 claims.

Moreover, McCants argues that Congress did not intend to exempt religious entities from § 1981's prohibition of race discrimination.  In support, McCants points to the fact that Congress has clearly shown its intent to exempt religious entities from Title VII's prohibition of religious discrimination and argues that if Congress had meant to exempt religious entities from § 1981 claims, it would have specifically done so.

The Court of Appeals for the Eleventh Circuit has explained that

"Facial attacks" on the complaint under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, require the district court, as it does in the case of a Rule 12(b)(6) motion, "to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir.1990). We have held, however, that:

> [w]hile Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level.

Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir.2007) (quotations and citations omitted). A complaint must contain "enough factual matter (taken as true) to suggest the required element ... It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible." Id. at 1295-96 (brackets, quotations and citations omitted).

> Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings,

---

[1]  In Gellington, the minister brought suit against his church under Title VII.  He alleged that the church had retaliated against him for engaging in protected conduct.  The minister had helped a co-worker (who was also a minister) prepare an official complaint to church elders regarding sexual advances made upon her by her immediate supervisor.

> and matters outside the pleadings, such as testimony and affidavits
> are considered.... [T]he district court has the power to dismiss for
> lack of subject matter jurisdiction on any of three separate bases:
> (1) the complaint alone; (2) the complaint supplemented by
> undisputed facts evidenced in the record; or (3) the complaint
> supplemented by undisputed facts plus the court's resolution of
> disputed facts.
>
> McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244,
> 1251 (11th Cir. 2007) (internal quotations and citations omitted). In a factual
> challenge, the district court must provide the plaintiff with an opportunity for
> discovery and for a hearing that "is appropriate to the nature of the motion to
> dismiss." Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir.1981).

Rance v. D.R. Horton, Inc., 2008 WL 3864285, 1-2 (11th Cir. 2008) (Slip Copy) (not selected

for publication).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move

to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be

granted.  A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in

assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual

allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315,

327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Also, all factual allegations

are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of

Inyo, 489 U.S. 593, 598 (1989); see Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th

Cir. 2006) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the

reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

Further, "while notice pleading may not require that the pleader allege a specific fact to

cover every element or allege with precision each element of a claim, it is still necessary that a

complaint contain either direct or inferential allegations respecting all the material elements

necessary to sustain a recovery under some viable legal theory." <u>Financial. Sec. Assur., Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotation marks and citations omitted).  However, even when accepting the facts alleged as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

The courts which have addressed the ministerial exception as a defense to a § 1981 action have varied as to whether it should be addressed on basis of lack of subject matter jurisdiction or pursuant to Rule 12(b)(6).  <u>See</u> <u>Ross v. Metropolitan Church of God</u>, 471 F. Supp. 2d 1306 (N.D. Ga. 2007) (applying a Rule 12(b)(6) analysis); <u>Bogan v. Mississippi Conference of the United Methodist Church</u>, 433 F. Supp. 2d 762 (S. D. Miss. 2006) (applying a Rule 12(b)(6) analysis); <u>Bethea v. Nation of Islam</u>, 248 Fed. Appx. 331 (3rd Cir. 2007) (applying a Rule 12(b)(6) analysis); <u>Stately v. Indian Community School of Milwaukee, Inc.</u>, 351 D. Supp 2d 858 (E.D. Wis. 2004) (dismissing the claim on basis of lack of subject matter jurisdiction).  The Eleventh Circuit has not yet addressed a case wherein the ministerial exception is raised as either an affirmative defense or dismissal for lack of jurisdiction in a § 1981 action.  However, it appears that most of the courts to address this circumstance have done so based upon an analysis under Rule 12(b)(6).

The ministerial exception has been recognized by the Eleventh Circuit Court of Appeals as an exception to an action brought pursuant to Title VII. <u>Gellington v. Christian Methodist</u>

Episcopal Church, Inc., 203 F.3d 1299, 1302-04 (11th Cir. 2000).[2]  In Gellington, the court

affirmed summary judgment in favor of the Church after the district court found that the

ministerial exception barred Gellington from bringing suit under Title VII.  The Eleventh Circuit

explained that the ministerial exception evolved from the First Amendment which built a "wall

of separation" between church and state and from principles of religious freedom which preclude

encroachment by the state into areas of religious freedom including the relationship between a

minister and the church, i.e., a matter of church governance. Id. at 1301.  The Eleventh Circuit

reasoned that "'[t]he relationship between an organized church and its ministers is its lifeblood,'"

and thus "[a]n attempt by the government to regulate the relationship ... would infringe upon the

church's right to be the sole governing body of its ecclesiastical rules and religious doctrine." Id.

at 1304 (quoting McClure v. Salvation Army, 460 F.2d 553, 558-59 (5th Cir.1972)).

It is clear that the "ministerial exception" is grounded in the Constitution.  Thus any

attempt by the government to regulate the ministerial employment relationship would be

unconstitutional. See Ross, 471 F. Supp. 2d 1306, 1308, 1311 (finding that the "Free Exercise

and Establishment Clause of the First Amendment prohibit a church from being sued by its

clergy for decisions relating to its internal management and administration" and that "the Court

agrees with its sister courts that have addressed the issue that the ministerial exception, which

has its roots in the First Amendment, applies to protect religious institutions from intrusive

inquiry required in a § 1981 action alleging race discrimination.")  Accordingly, the fact that

---

[2]  While discussing the history of the ministerial exception, Gellington focused on the issue of whether the ministerial exception survived the decision in Employment Division, Dep't of Human Resources of Oregon v. Smith, 494 U.S. 872, 110 S.Ct. 1595 (1990) and concluded that it did.

Congress has not provided a ministerial exception to §1981 is not relevant.

Applying a Rule 12(b)(6) analysis to the present case, there is no dispute of fact that McCants was an ordained minister, that he was employed as a minister and that his employer was a religious institution.  Thus, accepting the facts alleged as true as the court must do in a Rule 12(b)(6) analysis, the court finds that the motion to dismiss is due to be granted because the ministerial exception precludes McCants' from obtaining any relief from the defendants and therefore, he has failed to state a claim upon which relief can be granted. Accordingly, the motion to dismiss is **GRANTED**.

.       **DONE** and **ORDERED** this 29th day of May, 2009.


 **s / Kristi K DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**